# Dougherty v. The State.

*Indictment for Refusal to assist Officer in making an Arrest.*

1. *Refusal to aid officer in making arrest.*—When a private citizen is duly summoned by an officer having lawful authority to assist him in making an arrest, it is the duty of the citizen to obey; and obedience to such summons can not be excused because it involves danger or because, in the opinion of the citizen, the assistance would be futile to accomplish the arrest—the judgment and summons of the officer and not option of the citizen being the measure of duty of the citizen to obey; but the officer, in commanding such assistance, must have proper regard for the life and safety of the party whom he calls to aid him, and can not recklessly and for no good purpose, expose his life or limb to danger.

2. *Same; charge to the jury.*—On a trial under an indictment for refusing to aid an officer in making an arrest, where the evidence tended to show that the culprit ran into the store of the defendant where there was a large crowd of people disposed to assist him, and that the deant when summoned by the officer to aid him was unarmed, and

knew that he could do nothing towards effecting the arrest, a charge which instructs the jury that if they "believe that under all the circumstances at the time of said summons by the officer to aid in making the arrest, an attempt to make said arrest, or to aid therein, would have been both futile and dangerous, then the defendant must be accquitted," is free from error and should have been given.

3. *Same; same.*—In such case when there is no evidence tending to show that the officer was not willing to make the arrest, and requested the defendant to take the initiative in effecting it, but it was shown that the officer was in the actual attempt to arrest the culprit, a charge which instructs the jury "that no officer can require private citizens to take hazards or jeopardize their lives in arresting fugitives, when the officer himself is not, at the time, willing to take such risk; and unless the officer, was, himself, making some effort to make the arrest, he could not require the defendant to take the initiative," is abstract and properly refused.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

The appellant was indicted, tried and convicted for failure to assist an officer in making an arrest. On the trial of the cause, as is shown by the bill of exceptions, the testimony for the State tended to show that one T. J. Watts, who was, at the time a deputy sheriff of Montgomery county, detected a negro by the name of Bob Cleveland stealing from a car of one of the railroads near the city of Montgomery; that the defendant ran into the store of C. J. Dougherty, where the said Watts pursued him; that upon going into the store, Watts informed Dougherty that he was a deputy sheriff, and had authority to arrest the negro, Cleveland; that he had caught him in the act of stealing from a railroad car, and ordered said Dougherty to assist him in making the arrest, but that Dougherty refused to so assist him; that upon going into the store, the negro drew his knife and defied Watts, and that upon being ordered out of the store of Dougherty, Watts left without making the arrest.

The testimony for the defendant tended to show that Watts did not tell the defendant that he was a deputy sheriff, and had authority to make the arrest. The defendant testified, in his own behalf, that when the negro ran into his store he was behind the counter, and that when Watts asked him to help arrest the negro, he did not tell him that he was an officer; that there was a large crowd of negroes in the store at the time, who

showed a disposition to defend and assist the negro; that Watts made no effort to arrest the negro himself, but called upon the defendant to arrest him. The defendant further testified that he had no weapon of any kind, and knew that he could do nothing towards effecting the arrest.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe that under all the circumstances, at the time of said summoning by the said Watts to aid in making the arrest, that an attempt to make said arrest, or to aid therein, would have been both futile and dangerous, then the defendant must be acquitted." (2.) "That no officer can require private citizens to take hazards or jeopardize their lives in arresting fugitives, when the officer himself is not, at the time, willing to take such risk. And unless the officer was himself making some effort to make the arrest, he could not require Dougherty to take the initiative."

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

HARALSON, J.—1. It is not denied that the deputy sheriff was clothed under the statute with the authority to arrest the party, Bob Cleveland,—whom he caught stealing from a railroad car.—Code, § 4262. Nor is it denied that under the statutes of this State, it is the duty of every private person, when required by an officer, to assist him in making an arrest, and that a refusal to do so is a misdemeanor.—Code, §§ 4262, 4264, 3976; *Martin v. The State*, 89 Ala. 118.

2. An arrest may be said to be effected, when the party arrested submits himself to the power of the arresting officer, and it may be effected by word and without manual touch of, or the application of force to, the body of the prisoner. But, bare words will not make an arrest, if the party resists and refuses to be arrested.—1 Am. & Eng. Encyc. of Law, 730. If one, without fleeing, resists, the officer, alike in felony and misdemeanor cases, may, without unnecessary or improper violence, use

[Dougherty v. The State.]

such force as is necessary to effect the arrest.—*Williams v. The State*, 44 Ala. 41; *Floyd v. The State*, 82 Ala. 16; 1 Am. & Eng. Encyc. of Law, 745.

3.   When one is duly summoned by an officer, having lawful authority, to assist him in making an arrest, the duty of the citizen to obey is absolute.  "His obligation," says Mr. Wharton, "to come to the aid of the sheriff or other officer, is just as imperative as that imposed on the latter, to see that the community suffer no harm from licentiousness."—Whar. Cr. Law, § 652, and authorities cited; Whar. Cr. Plead. & Pr., §§ 10, 11.   The citizen while acting, actually or constructively, under the officer's command, becomes, *pro hac vice*, an officer, and is clothed with the same duties, responsibilities and protection.   An officer can not decline to arrest because it is dangerous to do so, else, the desperate and lawless might go unchallenged for crime, and, for the very reason, that when resistance is made to his lawful authority, and it becomes hazardous to make an arrest, then, for the sake of saving human life,—either his own or that of the criminal,—he is authorized by law to summons the bystanders to his assistance.   Obedience to such a summons, because it involves danger, cannot be refused by the private citizen, any more than the duty to make the arrest can, for the same reason, be declined by the officer.   The fact that there is danger involved is the very thing which calls for and makes obedience a duty. Nor can the citizen constitute himself a judge of the necessity for obedience, and the circumstances under which he should obey, in such cases.  If he should be excused because, in his opinion, assistance, if rendered, would be futile and dangerous, and because he supposed the officer was not discharging his full duty, it would render the statute nugatory.   The law necessarily requires the judgment and summons of the officer, and not the opinion and option of the citizen, the measure of the duty of the latter to obey.— *Watson v. The State*, 83 Ala. 61.  But the officer is under obligation to have proper regard for the life and safety of the party whom he calls to aid him in making an arrest, and not recklessly, and for no good purpose, to expose his life and limb to useless danger.   And in this case it may be said, if the jury believed under all the circumstances, that at the time, an attempt to make said arrest, or to aid

[Thompson *et al.* v. The State.]

therein would have been both futile and dangerous to the life and limb of defendant, as the charge requested clearly implies, from all the facts of the case, it would have been their duty to acquit the defendant. Charge numbered one should therefore have been given.

The second charge requested by defendant was properly refused. It was abstract. The evidence did not tend to show that the officer requested the defendant to take the iniative in making the arrest, nor that the officer was unwilling to make it. He was in the actual attempt to do so, when he summoned the defendant.

Reversed and remanded.