# Birt *v.* The State.

## *Murder.*

(Decided May 14, 1908. 46 South. 858.)

1. *Homicide; Killing a Resisting Prisoner.*—In all cases, civil or criminal, where persons having authority to arrest or imprison are using the proper means to effect the same and are resisted in such effort, they may repel force with force, and need not retreat, and if the party resisting is unavoidably killed in the struggle, the homicide is justifiable.

2. *Same; Self-Defense.*—The doctrine of self defense has no application to a homiicde committed by a person authorized to arrest in overcoming a resisting prisoner, for the officer must become the aggressor in the exercise of his duty, and while it is his duty to effect the arrest or imprisonment without the use of unnecessary violence, the duty is not upon him to retreat in any event before the assailing prisoner.

3. *Same; Refusal of Bail; Effect.*—Where the arresting officer has no authority to take bail nor to determine its character or amount, even if he could accept it, charges predicating inculpatory actions on the part of the officer upon his refusal of proper bail, are erroneous.

4. *Same; Instructions.*—A charge asserting that if the defendant after hearing the numerous threats of the deceaesed, became offended and sought an opportunity to revenge himself against the deceased, and acting under color of his official duties arrested deceased, took him to the guard house for confinement with the determination to avail himself of an opportunity to kill deceased after reaching the guard house, and did kill him with a pistol, and such shooting was not in self-defense, accused would be guilty of murder, is erroneous for failing to hypothesize the right of the arresting officer to meet force with force, not excessive, to effect the imprisonment in case of a resistance to such a degree as to impress the officer with the belief that extreme measures were necessary to accomplish the arrest and imprisonment; and if the arrest was legal and the officer had the right to imprison, the doctrine of self defense did not bind the officer to any course of conduct in the premises.

5. *Same.*—An instruction asserting that to find any protection or justification for taking life of deceased by reason of the accused alleged official position, he must have acted in good faith, and within the scope of his official duties, and if he used his official position as a cloak or excuse to do the deceased bodily harm or to take his life, and not to prevent grievous bodily harm to himself, such officer should be found guilty of some degree of homicide, unless he acted in self defense, is properly refused; if the arrest and imprisonment is legal, and the prisoner resisted and in meeting the resistance without unnecessary force or violence, the officer killed the prisoner, the killing would be justifiable, notwithstanding the officer may have entertained the motives and purposes hypothesized.

6. *Charge of Court; Requisites in Criminal Cases.*—A charge in a criminal case which authorizes a conviction without belief of accused's guilt beyond a reasonable doubt, is erroneous.

7. *Homicide; Reasonable Doubt; Officer; Necessity for ·Killing.*—While the law does not clothe an officer with the authority to judge abitrarily as to the necessity for killing resisting prisoners, and he may not kill them unless there is a necessity for it, yet, if the jury have a reasonable doubt as to the necessity for the killing, they should not convict.

8. *Trial; Written Instructions; Request by State; Criminal Cases.*—It is the safer practice in criminal cases for the state to exercise the privilege of requesting special instructions sparingly, and then only when the ground is plain.

APPEAL from Gadsden City Court.

Heard before Hon. ALTO V. LEE.

Ernest  Birt was convicted of manslaughter in the first degree, and appeals. Reversed and remanded.

The facts are sufficiently stated in the opinion of the court. The following charges were requested by the state: "(1) The court charges the jury, if, after considering all the evidence in this case, the jury should believe beyond a reasonable doubt that defendant arrested the deceased, took his pistol from him, and carried him to the guardhouse, and when they arrived at the guardhouse the defendant ordered the deceased to enter, and the deceased refused, and thereupon defendant attempted to put the deceased in said guardhouse by force, and while attempting to so imprison deceased the defendant shot deceased, and said shooting was not done to repel

force or assault from deceased, then the defendant is guilty of some degree of homicide charged in the indictment, and it will be your duty to so find.

"(2) If the jury believe from the evidence beyond a reasonable doubt that defendant, after having arrested deceased, and after having taken from him his weapon, carried deceased to the guardhouse, and for the purpose and with the determination to lock deceased up or kill him in the attempt so to do, and while attempting to lock deceased in the guardhouse, shot him to death, and that such killing was not made necessary to protect the life of defendant from death or great bodily harm, or what so reasonably appeared to a reasonable man, then I charge you gentlemen, you cannot acquit defendant, but must find him guilty of some degree of homicide charged in the indictment.

"(3) The court charges the jury it was the duty of defendant to use all reasonable means to put the prisoner, the deceased, in the guardhouse without doing him any bodily harm; and if the jury should believe from the evidence the defendant could have, by the exercise of reasonable diligence, confined deceased in the guardhouse without shooting him, as was done, then he would be guilty of some degree of homicide charged in the indictment, and it is the duty of the jury to so find.

"(4) If the jury believe from the evidence beyond a reasonable doubt that defendant, after having arrested deceased and taking from him his pistol, carried deceased to the guardhouse, and after refusing propositions to make bond, if you believe such propositions to make bail were made, and in pursuance of a determination to lock deceased up, and not in repelling force by force, or what reasonably appeared to be force, killed deceased, then I charge you that defendant is guilty of some degree of homicide charged in the indictment, and you must so find by your verdict.

"(5) The court charges the jury, if, after weighing all the evidence, they believe beyond a reasonable doubt that defendant took the life of deceased in pursuance of a determination to lock the deceased up, because deceased had declared he would not be locked up, and that the killing of deceased was not in defense of defendant's person, then the defendant cannot be held harmless, and he is guilty of some degree of homicide charged in the indictment.

"(6) If the jury should believe beyond a reasonable doubt from the evidence in this case that the defendant, after hearing of the numerous alleged threats of the deceased, became offended and sought an opportunity to avenge himself against some wrong or fancied grievance against deceased, and acting under color of official duty arrested deceased and took him to the guardhouse, for the purpose of not only confining deceased, but with a determination to avail himself of an opportunity to kill deceased, and after reaching the guardhouse with deceased the defendant killed deceased by shooting him with a pistol, and such shooting was done not in self-defense, as that term has been defined in my oral charge, then he would be guilty of murder, and it would be your duty to so find.

"(7) The court charges the jury, if, after considering all the evidence in the case, they should believe beyond a reasonable doubt that the defendant killed deceased after the deceased had been arrested, and when deceased had been carried to the guardhouse and had been relieved of his arms, and that the killing was done by defendant to prevent escape of deceased, or to gratify some ill will defendant entertained towards deceased, and not in self-defense, as defined by the court, then and in either event the defendant cannot be held harmless before the law and must be convicted of some degree of homicide."

[Birt v. The State.]

"9) Before the jury can hold the defendant harmless for taking the life of deceased, they must find from the evidence as follows: First, that the defendant was at the time of making the arrest an officer clothed with legal authority to make the arrest of the deceased and detain him in the guardhouse of Attalla; second, that the defendant acted in good faith and within the scope of his official duty, and used only reasonable and proper means in making the arrest, and in his efforts to detain the prisoner, and while thus in the exercise of his official duty was assaulted by deceased, and used only such means in repelling the assault as was or appeared to be necessary for the protection of defendant's life or his person from grievous bodily harm. And if the defendant used more force than necessary, or appeared to be necessary, to repel the assault alleged to have been made upon him by the deceased, and took his life, when by the exercise of caution and diligence he might have avoided the killing, then, gentlemen, I charge you the defendant is guilty of some degree of homicide charged in the indictment, and it is your duty to so find."

"(11) In order for the defendant to find any protection or justification for taking the life of deceased by reason of the official position which the defendant is alleged to have held at the time of the killing, the defendant must have acted in good faith and within the scope of his official duties; and if you should find from the evidence beyond a reasonable doubt that the defendant used his official position as a cloak or excuse to do the deceased grievous bodily harm, or to take his life, and shot deceased at a time when it was not necessary so to do to save the life of defendant, or himself from grievous bodily harm, you should find defendant guilty of some degree of homicide, unless you should further

C 3

find that defendant acted in self-defense, as self-defense has been defined to you in the court's general charge."

"(13) I charge you, gentlemen, that defendant would have no right to take the life of the deceased simply because he refused to enter the guardhouse after having been ordered so to do by the defendant, if this should be all shown by the evidence. Nor would defendant be justified in taking the life of deceased, if you should find deceased made an unarmed resistance when defendant attempted to put him in the guardhouse after deceased had refused to enter. If, after considering all the evidence in this case, you should find, under the rules which I have given you, that defendant got into a scuffle with deceased at the guardhouse door, in attempting to put deceased in the guardhouse, and that defendant grew angry with deceased because of the scuffle, and shot and killed him because of such anger, and not in defense of his person from an assault of deceased, then the defendant would be guilty of some offense charged in this indictment, and it would be your duty to so find."

"(19) The court charges the jury that if they find from the evidence in this case that, on the complaint of one Mason to defendant as chief of police of Attalla, the two went to Frost, as mayor of the city of Attalla, for a warrant of arrest for Frank Miller, stating in substance that said Miller was snapping at him (Mason), and that thereupon said Frost inquired of defendant, as chief of police, if he had a blank warrant, and defendant replied that he did not, and the said Frost, as said mayor, instructed the defendant, as chief of police, with one Huff, who was then acting as a policeman, to immediately proceed to arrest said Miller, the deceased, and they did arrest and carry him to the calaboose of the said city of Attalla, and before

[Birt v. The State.]

being safely put in said calaboose the said Miller attempted to escape and flee from said calaboose and arrest, the defendant had no right in law to shoot him to death with a pistol, although without doing so the said Miller would have escaped."

"(21) An officer, charged with the duty of arresting a prisoner charged with the violation of an ordinance of the city of Attalla, had no more right or authority to shoot him to death to prevent escape than he would have to shoot to death any peaceful citizen not so charged."

The charges above set out are those given at the instance of the state, and declared bad by the court. The following charge was refused to defendant:

"(4) The court charges the jury that, while the law does not clothe an officer with authority to judge arbitrarily of the necessity of killing prisoners, he cannot kill unless there is a necessity for it, and if the jury have a reasonable doubt as to the necessity of killing Frank Miller their verdict must be not guilty."

A number of other charges were refused, not necessary to be here set out.

CULLI & MARTIN, for appellant. The duties imposed upon arresting officers apply to policemen.—Sec. 5211, Code 1896. Under the facts in this case the court erred in giving the charge requested by the state.—21 A. & E. Ency of Law, 203; *Jackson v. The State,* 66 Miss. 89; *Brooks v. Commonwealth,* 61 Pa. St. 352; *State v. Dierberger,* 96 Mo. 66; 1 Russell on Crimes 892; 2 A. & E. Ency of Law, 851; *Clements v. The State,* 50 Ala. 117; *Lindle v. Commonwealth,* 111 Ky. 866. The court erred in refusing charge 1 requested by the defendant, as well as charges 2, 3, and 4.—*DeArman v. The State,*

[Birt v. The State.]

71 Ala. 351; *Hinson v. The State,* 112 Ala. 45. The court should have given charge 9.—Authorities supra; *George v. The State,* 145 Ala. 45.

ALEXANDER M. GARBER, Attorney-General, for the State. While at common law an officer may lawfully shoot a felon to prevent his escape, if the escape cannot be otherwise prevented, he cannot lawfully shoot a misdemeanant to prevent his escape.—*Lloyd v. The State,* 82 Ala. 16; *Williams v. The State,* 44 Ala. 41; 1 Hale, P. C. 489; 1 Hawkins P. C. 81; Horton on Homcide, secs. 214 and 216; 14 Am. St. Rep. 542. On these authorities the court properly gave the charges requested by the state. The court properly refused the charges requested by the defendant.—*Gibson v. The State,* 89 Ala. 6; *Mitchell v. The State,* 133 Ala. 65; *Harrison v. The State,* 144 Ala. 20; *Nelson v. The State,* 43 South. 13.

McCLELLAN, J.—The defendant was convicted of manslaughter in the first degree. The party slain was one Miller, a prisoner, whom the defendant, as chief of police of Attalla, was undertaking to lodge in the city prison. The court instructed the jury that the arrest was authoritative and legal, and the trial seems to have been had throughout upon this assumption by prosecution and defense. The state pressed for a conviction upon the theory that the defendant wantonly murdered Miller, while he was a prisoner, in expression of personal ill will then entertained by the defendant towards Miller, and that the occasion was sought by the defendant, under the guise of the performance of his official duty, as favorable to the accomplishment of his alleged unlawful purpose to kill Miller. Of course, if

in accordance with such purpose, and without legal cause or justification, Miller was killed by the defendant, he would be guilty of some degree of homicide.

The defense interposed, as we gather it from the testimony, was that the prisoner, in an effort to prevent the officer from effecting his imprisonment, as was his duty, resisted the officer, drew a knife, assaulted the officer therewith, and repeated the assault, and without the employment of excessive or unreasonable force the prisoner was shot to death by the officer. With reference to the defense stated, the rule thus announced in *Clements v. State,* 50 Ala. 119, must control in determining the sustainment vel non of the justification relied on, viz.: "In all cases, whether civil or criminal, where persons having authority to arrest or imprison, and using the proper means, are resisted in so doing, they may repel force with force, and need not give back; and if the party making the resistance is unavoidably killed in the struggle, this homicide is justifiable." The doctrine of self-defense has no application in such cases, because it is the duty of the officer to effect the arrest or imprisonment of the offender, without the use of unnecessary or improper violence.—*Dougherty's Case,* 106 Ala. 63, 17 South. 393; *Williams' case,* 44 Ala. 41. This duty could not be performed if any element of self-defense was essential to the protection of the officer. He must, to do his duty, become the aggressor, and in no event is he required to retreat before an assailing prisoner.

As indicated before, the testimony in the record presents no case within the principles govening the duty of an officer with respect to the killing of a merely fleeing prisoner, whether such prisoner be a misdemeanant or not. There was testimony before the jury from which they might have been justified in placing their

credence in either the theory of the state or of the defense, but none fairly leading to a view that Miller was, in any sense, in flight at the time he was shot. He was, upon this record, either wantonly murdered, or else killed in resistance by the officer of stated assaults with a deadly weapon. If the former he was guilty; and if the latter, the only other inquiry for the jury (was whether his shooting of Miller was the employment of unnecessary or excessive violence in repelling the assault and in effecting the imprisonment of Miller. 3 Cyc. pp. 890, 891, and authorities cited in notes. After a careful consideration of the court's rulings on evidence admitted and excluded, we discover no error prejudicial to the defendant.

There were requested in behalf of the state upwards of 20 special charges. In these it was attempted to state numerous phrases of the law conceived to be applicable to the cause. The safer practice in criminal prosecutions is for the state to sparingly, and then only when the ground is plain, exercise the privilege of asking special instructions by the court. A number of these charges predicate inculpating action on the part of the officer upon the offer to and refusal by the officer to accept bail for the prisoner then in his custody, and whom he was then undertaking to imprison. We are not advised that the officer had any authority to take bail from this prisoner, nor, if so, that he had any right to determine its character or amount. For this reason, if not others, this class of charges were erroneous.

Charge 6 should have been refused, because, among other reasons, it omits in hypothesis the right of the officer to meet force with force, not excessive, to effect the imprisonment of Miller, if Miller did in fact resist to such a degree as to reasonably then impress the officer with the belief that extreme measures were necessary

[Birt v. The State.]

to accomplish the imprisonment of Miller.   Further-
more, if the arrest was legal and the authority to im-
prison also obtained, the doctrine of self-defense did not
bind the officer to any course of conduct in the premises.
Charge 7 is subject to much of the criticism applied to
charge 6.

Charge 11 is .bad.   Notwithstanding the officer may .
have entertained the motives and purpose hypothesized,
yet, if the arrest and imprisonment were legal, and the
prisoner resisted, and, meeting his resistance without
unnecessary violence or force, the officer took the life
of the prisoner, the killing would be justifiable.

Charge 13, if otherwise beyond criticism, is faulty in
the respect that it omits the necessary conviction, in
the minds of the jury, of his guilt beyond a reasonable
doubt.   It should have been refused.

Charge 4, requested by defendant, asserts a correct
proposition of law, and should have been given.   The
others so requested were well refused, either because
abstract, misleading, or otherwise bad.

For the error mentioned, the judgment is reversed,
and the cause is remanded.

Reversed and remanded.


TYSON, C. J., and DOWDELL and ANDERSON, JJ., con-
cur.