[Holland v. The State.]

# Holland *v*. The State.

## *Murder.*

(Decided June 15, 1909.   50 South. 215.)

1. *Jury; Grand Jury; Drawing.*—There is no conflict between sections 7261 and 3249, Code 1907, but each have a special field of operation and where the judge in ordering an adjourned term made no order at the time for a grand jury and did not order the same until after such term had convened, his order after the convention of the term for the convening of the grand jury was properly made under section 3249 of the Code of 1907.

2. *Same; Empaneling.*—Where a grand jury is drawn by the judge after the convening of a special or adjourned term under section 3249, Code 1907, it is properly completed under section 7283, Code 1907.

3. *Indictment; Validity; Grand Jury.*—No objection can be taken to an indictment by a plea in abatement or otherwise on account of the organization, formation, etc., of a special grand jury.   (Section 7572, Code 1907.)

4. *Homicide; Evidence.*—While it is competent to show on a trial for murder, the fact that there had been a former difficulty between defendant and deceased, as tending to show malice, yet the fact that deceased's face was swollen and bruised about three weeks before the killing, could not be shown, as its tendency was to enter into the details of the difficulty which is not admissible.

5. *Same.*—A conversation between the deceased and another had before the killing, in the absence of the defendant, is not admissible in a trial for murder.

6. *Same.*—It is not admissible to show that about five minutes before the difficulty the deceased told the witness that defendant had told the deceased that he was going after a gun and coming back to kill deceased, and that he could not defend himself, it being shown that this conversation took place before defendant had returned, as it was hearsay and not part of the res gestae.

7. *Same.*—It was not competent to permit a witness to testify that the deceased had said that defendant did not want to kill him on account of a warrant, but for some other reason.

8. *Same.*—What the defendant did and said just before the killing and the threats he may have made are admissible upon his trial for murder.

9. *Same; Statements of Accused; Right to Entire Conversation.*— Where the state offered evidence of statements made by defendant just before the killing, the defendant is entitled to the whole conversation had at such time.

10. *Same; Evidence.*—Where a predicate had been laid therefor and where the statement was an inculpatory confession it was competent for the state to prove statements made by the defendant after the killing as to the difficulty.

[Holland v. The State.]

11. *Same.*—Statements made by the defendant about the killing when leaving the place just after the shooting was admissible as part of the res gestae without predicate as being voluntary.

12. *Same.*—It is not permissible for the state to show that the defendant struck a third person after the difficulty where it did not appear that the striking was in an effort to escape.

13. *Same.*—The defendant's theory being that the killing was justifiable in that he had a warrant for the arrest of the deceased and was forced to kill him to repel a threatened attack, and the state's theory being that notwithstanding the defendant was armed with a warrant for the deceased, defendant willfully and maliciously killed him, it was competent for the defendant to show that he requested the deceased to accompany him under arrest by virtue of the warrant.

14. *Same.*—In a trial for murder the defendant is entitled to show by those present everything that was said and done from the time defendant came to where decedent was until the killing.

15. *Same; Making Arrests; Right to Kill.*—Although an officer has a warrant of arrest for a person, and while he may be justified in killing such a person, if he is charged with a felony if he resists or attempts to flee, this rule does not prevail as to the arrest of the person charged with a misdemeanor, in which case the killing is justifiable only where the person resists and so endangers the life of the arresting person, or his person as to make such killing necessary in self defense; but where the circumstances show a wilful murder rather than an attempt to arrest, the legal process is of no benefit to the defendant.

16. *Same; Force.*—An officer armed with a legal warrant may enter the premises of the person to be arrested, and is under no duty to retreat in case of resistance, and may repel forec by force, but not in excess of what may be necessary to make the arrest or to protect the arresting officers's life or person.

17. *Same; Instruction.*—A charge asserting that if defendant went to the home of decedent with the premeditated intention to kill him, and in pursuance thereof did kill him with malice, the fact that the defendnat had a warrant of arrest was no excuse, and he would be guilty of murder, was misleading, although abstractly correct.

18. *Same.*—A charge asserting that the defendant was under no legal duty to yield to solicitations not to enter· the house of decedent, if he had a warrant for the arrest of decedent and was entering for the purpose of executing it, but that his duty required him to disregard such solicitation, and execute the warrant, was proper and should have been given.

19: *Same.*—A charge asserting that resistance to a legal warrant might consist in acts or demonstrations by the person sought to be arrested, importing defiance and indicating an immediate purpose to use violence, and that after such acts or demonstrations the officer might at once employ such force as was necessary to accomplish the arrest, even to the necessity of taking life, was proper and should have been given.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

[Holland v. The State.]

John Holland was convicted of murder in the first degree, and he appeals. Reversed and remanded.

It appears that at the time of the killing an adjourned term of the court was being held, in the calling of which no order had been entered for a grand jury, but only the petit jurors had been ordered and summoned. During the progress of the term the court drew and impaneled a grand jury, who investigated the killing and returned the indictment. The motion and pleas addressed to the indictment raise these questions. The facts sufficiently appear in the opinion of the court.

The following charges were given at the instance of the state:

(1) "If you believe beyond a reasonable doubt that defendant, in this county and before the finding of this indictment, purposely killed Putnam by shooting him with a pistol, with wickedness and depravity of heart towards the deceased, and not because of any resistance to arrest by deceased, and that said killing was determined on beforehand and after reflection, for however short a time is immaterial, then defendant is guilty of murder in the second degree."

(2) "If, after considering all the evidence, you have a fixed conviction of the truth of the charge, you are satisfied beyond a reasonable doubt, and it is your duty to convict the defendant."

(3) "If you believe from all the evidence beyond a reasonable doubt that the defendant is guilty, though you also believe that it is possible that he is not guilty, you should convict him."

(4) "The court has just charged you at the instance of the defendant that each juror must be convinced of defendant's guilt beyond a reasonable doubt before you can convict him. This means that your verdict must be a unanimous verdict, whether it be for or against the

defendant; and although one of your number may have a reasonable doubt of defendant's guilt, this would not authorize you to acquit him."

(5) "If the defendant, in this county and before the finding of this indictment, killed Putnam by shooting him with a pistol with malice aforethought, and not in resistance of arrest, he is guilty of murder; and if the killing was willful, deliberate, malicious, and premeditated, and the deliberation and premeditation existed for only a moment before the fatal shot was fired, the defendant is guilty of murder in the second degree."

(6) "The court charges the jury that before the defendant would be entitled to any protection or justification for taking the life of the deceased, by reason of the official position which the defendant is alleged to have held at the time of the killing; he must have been acting in pursuance of some lawful authority, arming him with the legal right to arrest the deceased, and there must have been such resistance of the arrest by the deceased at the time the shot was fired as to create real or apparent present, impending, imperious necessity for the defendant to kill the deceased, either to protect himself from grievous bodily harm, or to overcome such resistance; and if you should find from the evidence beyond a reasonable doubt that no such necessity existed at the time the shot was fired, that the defendant did not act in good faith, but merely used his official position as a cloak or excuse to take the life of deceased, and that the defendant, in pursuance of a fixed purpose, willfully and with malice aforethought killed the deceased, then this would constitute murder in the first degree."

(7) "If the jury believe from the evidence beyond a reasonable doubt that the defendant went to the home of Putnam with the premeditation to kill Putnam, and, in pursuance of this previous determination, he did kill

him, and killed with malice, the fact that the defendant had a warrant is no excuse to him, and defendant would be guilty of murder."

(8) "The court charges the jury that, before the defendant would be justified in shooting to kill the deceased, there must have been a sudden, impending, imperious necessity, real or apparent, to shoot, either to save the defendant from grievous bodily harm or to overcome a resistance of a legal arrest."

The following charges were refused to the defendant:

(1) "I charge you that the defendant was under no legal duty to yield to the solicitations or requests of the ladies in or about the home of Putnam not to enter such home, if you believe from the evidence that at the time he had in his possession the warrant of arrest in evidence in this case, and was entering the home for the purpose of executing the warrant; but his duty required him to disregard such solicitations and requests, if any were made, and go forward and duly execute the warrant."

(26) "I charge you that resistance to a legal arrest may consist in acts or demonstrations on the part of the party sought to be arrested, which import defiance and indicate an immediate purpose to use violence in resisting, and after such acts or demonstrations the officer may instantly employ such degree of force as is necessary to reduce the party to submission and accomplish the arrest, even to the taking of the party's life, if so necessary."

It is unnecessary to set out the other charges requested by the defendant.

GEORGE H. PARKER, and CALLAHAN & HARRIS, for appellant.—The court drew the jury in direct conflict to section 7261, Code 1907, and in this the court erred.

[Holland v. The State.]

The court also erred in completing the panel in the manner attempted. The testimony of Annie Liggan should have been excluded as it was pure hearsay. The court improperly permitted it to be shown that the deceased's face was swelled and bruised some weeks previous to the difficulty.—*McAnally v. The State,* 74 Ala. 9. Counsel discuss the other assignments of error relative to evidence but without citation of authority.

ALEXANDER M. GARBER, Attorney-General, and BROWN & KYLE, for appellee.

ANDERSON, J.—The indictment was returned by a grand jury specially drawn and organized by the court or judge as provided by section 3249 of the Code of 1907.

Sections 7261 and 3249 of the Code of 1907 are not in conflict, as there is a field of operation for both. Section 7261 provides for the drawing of juries for adjourned or special terms, by the jury commission, upon the order of the clerk, when the judge orders same prior to the convening of said special or adjourned terms. Section 3249 provides for the drawing of juries by the judge or court during the special or adjourned term when the order for same is not made until said special or adjourned term and not prior thereto. The judge in ordering the adjourned term, in the present instance, made no order at the time for a grand jury and did not order same until after said adjourned term had convened and properly drew the grand jury in question under section 3249 of the Code. Section 3249 provides that all juries shall be organized, sworn, and impaneled as at regular terms, and the trial court properly completed the grand jury under the terms of section 7285 of the Code of 1907. Moreover, section 7572 provides that no

objection can be taken to the organization, formation, etc., of a special grand jury.

The trial court committed no reversible error in the ruling upon the motion and pleas questioning the validity of the indictment.

The state had the right to show a former difficulty between the defendant and the deceased, for the purpose of showing malice; but the fact that the decedent's face was swollen and bruised about three weeks before the killing had a tendency to enter into the details of the difficulty and should not have been admitted.—*McAnally v. State,* 74 Ala. 9.

The conversation between the deceased and Annie Liggan before the killing, and while the defendant was absent from the house, was not admissible. Neither should the trial court have permitted Mrs. Taylor to testify that deceased told her, about five minutes before the diffculty, and before the defendant had returned to the house, that "Holland told him he was going after a gun and was coming back to kill him, and that he could not defend himself."
This was all hearsay evidence and was not a part of the res gestae.—*State v. Stallings,* 142 Ala. 115, 38 South. 261; *Fonville v. State,* 91 Ala. 39, 8 South. 688. The trial court likewise erred in permitting Mrs. Taylor to testify that deceased said, "Holland did not want him on account of the warrant, but for some other reason." The state had the right to show what the defendant did and said uptown, just before the killing, and the threats that he may have made; but the defendant was entitled to the full conversation. The trial court did not err in permitting proof of what defendant said, after the killing, in Towles' shop and in McEntire's store, as to the difficulty and killing. It is true it was not a part of the res gestae, but was an inculpatory confession, and a

predicate was laid for same by the witness Abercrombie. The evidence of Fuller and Alex Clark as to what they overheard defendant say about the killing, when leaving the place, and just after the shooting, was a part of the res gestae, and was admissible without a predicate, as to its being voluntary.

The trial court should not have permitted the state to show that defendant struck Abercrombie after he had gotten into the store. It did not appear that he struck him in an effort to escape. Of course, if he struck in an effort to escape, it would have been relevant; but we do not think it was shown, by the evidence, that this was done in an effort to escape.

The defendant should have been permitted to ask the witness Alonzo Webb if defendant asked deceased to go anywhere with him. The defendant's theory was that he went there to arrest deceased, and the state's was that he went to kill him whether or no, and the defendant should have been permitted to show that he was trying to arrest deceased and had requested him to go with him. Indeed, this was an eyewitness, and the defendant was entitled to elicit from him everything that was said and done from the time they got there until the killing. Of course, he could not state conclusions, and the trial court did not err in sustaining objections to questions of this character; but there were some direct questions asked which the court should have permitted.

The rulings upon the evidence have been considered, and we do not think the court committed reversible error except as heretofore pointed out.

The state's theory is that, notwithstanding this defendant was armed with a warrant for the arrest of the deceased, he willfully and maliciously killed him, in that, he was using the warrant as a mere cloak to commit the crime, and that said killing was not necessary

to repel the resistance by the deceased of an attempted arrest by the defendant. The defendant's theory is that the killing was justifiable, in that he had the legal right to arrest the deceased, and had to kill him in order to repel a threatened attack upon himself by the deceased in his effort to resist the arrest. The kiling was therefore either unlawful or justifiable under legal process.

While an officer having a warrant of arrest is justifiable in killing one charged with a felony, if he resist or flees, this rule does not prevail as to arrest of persons charged with misdemeanors. "When an attempted arrest is for an ordinary misdemeanor or in a civil action, life can only be taken by the officer where the person arrested resists by force, and so endangers the life or person of the officer as to make such killing necessary in self-defense."—Kerr on Homicide, 187; *Birt v. State,* 156 Ala. 29, 46 South. 858; *Clements v. State,* 50 Ala. 117. If the circumstances show a willful murder, rather than an attempt to arrest the deceased, the warrant can be of no benefit to the defendant.—21 Cyc. 953, and authorities cited in note 39. On the other hand, if the defendant is armed with a legal warrant, he has the lawful right to enter the premises of the deceased, is under no duty to retreat in case of resistance, and can repel any force used by the deceased not in excess of what may be necessary to make the arrest or to protect his life or himself from serious bodily harm.

All the charges given at the request of the state, with, perhaps, the exception of No. 7, were warranted by the law and the facts hypothesized. Charge 7 may be correct in the abstract; but it may have misleading tendencies, and should not be given on the next trial.

Charges 1 and 26, refused the defendant, should have been given.

We have examined the other charges refused the defendant and find that they were either bad or fully covered by the given charges.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

Dowdell, C. J., and McClellan and Sayre, JJ., concur.