# Mason *v.* The State.

## *Murder.*

(Decided April 21, 1910. Rehearing denied June 30, 1910.
53 South. 153.)

1. *Courts; Terms; Special Terms; Notice.*—No notice or publication of the order or time of holding a special term of court is now required by the statute, as was the case under the Code of 1896.

2. *Same; Time for Trial; Matters at Issue.*—Under section 3252, Code 1907, where an indictment was found during a special term it was not error to put accused to his trial before the five days had elapsed since it was within the discretion of the court as to whether he had sufficient time to prepare for his trial.

3. *Trial; Continuance or Delay; Court Stenographer.*—Although the statute provides a court stenographer, the trial court was not called upon to delay or stop proceedings in a homicide. case to obtain a stenographer, where it appeared that one had not been appointed in that circuit because one fitted for the position could not be obtained at the statutory compensation.

4. *Jury; Grand Jury; Qualifications.*—Because one is a butcher by trade and profession does not disqualify him from serving on the grand jury.

5. *Homicide; Evidence; Jury Question.*—Under the evidence in this case it is a question for the jury to say whether the deceased or accused provoked the difficulty.

6. *Same; Instructions.*—A charge asserting that if two persons meet and hot words follow and they fight willingly and one kills the other, it is manslaughter, is not a correct proposition as applied to all cases.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Toiley Mason was convicted of murder in the first degree, and he appeals. Affirmed.

The following charges were refused to the defendant: (2) "I charge you that under the evidence in this case you should not convict the defendant of murder in the first degree." (4) "I charge you that under the evidence in this case the difficulty in which the deceased lost his life was provoked by the deceased." (5) "I

[Mason v. The State.]

charge you that the undisputed evidence in this case shows that William T. Meigs was not free from fault in bringing on the difficulty in which he lost his life." (13) "I charge you, gentlemen of the jury, that if two persons meet, and hot words follow between them, and they then fight willingly, and one of them in the fight kills the other, such killing is manslaughter, and not murder."

D. W. CRAWFORD, for appellant. The judgment and sentence are void for the reason that the trial was had at a time unauthorized by law.—Secs. 3249-52, Code 1907; *Ex parte Branch,* 63 Ala. 383; *McMillan v. Gadsden,* 39 So. 569; *Kidd v. Burke,* 142 Ala. 625. Even if the defendant had not questioned the right of the trial court to try him at that time this would not preclude him from raising the question here.—*Johnson v. The State,* 141 Ala. 7. The defendant was entitled to five days' notice before being put upon trial.—44 Ohio St. 568. The court erred in overruling the defendant's challenge of the juror who was a butcher.—Coke on Littleton, 115 B. et seq.; Secs. 7275, Code 1907; *Ezell v. The State,* 102 Ala. 128. Counsel discuss the refused charges, but without citation of authority.

ALEXANDER M. GARBER, Attorney General, for the State. The term was called and the juries ordered in strict compliance with section 3249 of the Code of 1907. This section has no application as to the time before the case is at issue to an indictment found at the special term, but applies to cases already at issue when the term was called.—*Holland v. The State,* 50 So. 215. No objection could be taken to this grand jury because it was a special grand jury ordered by the court.—Sec. 7256, Code 1907; *Holland v. The State, supra.* There was no

merit in the challenge of the juror because he was a butcher.—Sec. 7276, Code 1907. The court properly permitted the solicitor to ask the witness if he would convict on circumstantial evidence, and upon his saying that he would not to challenge him for cause.—Section 7278, Code 1907; *Griffin v. The State,* 90 Ala. 596; *Jackson v. The State,* 74 Ala. 26. The court properly refused charges 4 and 5.—*Griffin v. The State,* 50 So. 952; *Troup v. The State,* 49 So. 332. Charge 13 was not a correct statement of the principles of murder and manslaughter.

MAYFIELD, J.—Defendant was indicted, tried, and convicted of murder, and sentenced to death, at a special term of the circuit court of Bibb county, which term was ordered by the judge of the circuit court, under section 3249 of the Code. The order for the special term, and the drawing and organizing of the grand and petit juries, seems to have been in strict accordance with the provisions of the statute—all of which orders were properly entered upon the minutes of the court. The judge, in open court, drew from the jury box the names of a sufficient number to constitute the juries for such term, and directed the issue of all proper venires. These were properly issued and returned, and the juries were organized in all things as required by the statute. All these requisites appear of record upon the minutes of the court.—*Holland's Case,* 162 Ala. 5, 50 South. 215.

No notice or publication of the order or time of holding such special term is now required, as was the case under the Code of 1896, as was decided by this court in *McMillan's Case,* 39 South. 569. The organization was held void in that case for want of proper notice; this court saying that the court was organized under the Lusk bill, which required no notice, but that, as

[Mason v. The State.]

that enactment had been declared unconstitutional, the organization had to rest upon the provisions of the Code of 1896 (sections 914, 915) which required the notice.

Since that decision, and before the organization of this special term, the Lusk bill (with some amendments) has been re-enacted, and now forms a part of the Code of 1907 (section 3294 et seq.) The Statutes now require no such notice or publication as was formerly required, so this special term was held at a time, at the place, and in the manner prescribed by law.

Section 3252 of the Code, which provides that "all cases pending in said court at the time said order is made, shall, if at issue, be triable at any time after five days from the making of such order," clearly has no application to this case, which was not pending, and was not at issue, but no indictment had been found. The indictment was found and returned, and the defendant was first arraigned at this special term.

As to whether the accused had sufficient time in which to prepare for this trial depended upon the particular facts of his case, and the question rested primarily within the discretion of the trial court, and did not depend upon this or any other statute.

It is not made to appear that the discretion of the trial court was abused, in putting the accused to trial before the five days had elapsed.

The statutes in question clearly contemplate that trials may be had at such special term, on indictments.

There was shown no reason why the trial should be postponed until a court stenographer could be appointed. While the statute at that time provided for court stenographers, it appears of record in this case that one was not appointed for this circuit, for the reason that one fitted for the position could not be had in this circuit at the compensation fixed by the statute. The court

was not called upon to delay or stop the proceedings in order to obtain a suitable stenographer.

We know of no law that disqualifies a butcher from serving on a grand jury merely because of his occupation. It is insisted by appellant that the constant taking of life—the shedding of the blood of animals, with its sight and smell—for 17 years, renders a man incompetent to serve as a petit juror in the trial of a capital case. This may be so, but we do not judicially know it. There is nothing in the record to show that this particular juror, McCulley, challenged solely for this cause, was inclined or likely to take the life or blood of a fellow man, merely because he was experienced and an expert in taking the blood and lives of the lower animals in the due course of trade and business. The court properly overruled this challenge for cause.

If this was ever a ground for challenge at English common law, as is claimed by appellant, it is certain that it has never prevailed and has never been exercised in this state, by statute, or as part of the common law.

The court properly refused the requested charges of defendant.

The evidence was sufficient to authorize a conviction of murder in the first degree. Hence charge 2 was properly refused.

It was a question of fact for the jury, and not one of law for the court, as to whether the deceased or the accused provoked the difficulty. For this reason charges 4 and 5 were bad.

Charge 13 does not assert a correct proposition of law, when applied to all cases.

A killing under facts hypothesized might be murder, depending upon other circumstances, or it might be manslaughter. As applied to the facts in this case, said charge was misleading.

[Davis v. The State.]

We find no error in the record, and the judgment of the circuit court must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.