# Brown *v.* Moon.

### Assumpsit.

(Decided June 1, 1916.   72 South. 29.)

1. Witnesses; Impeachment; Character.—In impeaching a witness for bad character, the proper inquiry is as to the general character of the witness sought to be impeached, and it need not be limited to truth and veracity.

2. Appeal and Error; Harmless Error; Evidence.—Any error in sustaining plaintiff's objection to defendant's question to a witness as to plaintiff's general character, instead of his character for truth and veracity, plaintiff having testified as a witness, was rendered harmless, where the witness subsequently testified that he did not know plaintiff's reputation, and had not heard it discussed, and that all he knew about it was through personal transactions with plaintiff; reputation being that which people generally in a community say and think of a person, and individual acts and opinions not being material.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

[Brown v. Moon.]

Assumpsit by William Moon against A. M. Brown. Judgment for plaintiff, and defendant appeals. Affirmed.

The first assignment of error is that the court erred in not allowing the witness Martin to answer the question of defendant: "Do you know the general reputation of plaintiff in the community in which he lives?"

McENIRY & McENIRY, for appellant.    GOODWYN & ROSS, for appellee.

ANDERSON, C. J.—(1, 2) In impeaching a witness upon bad character, the proper inquiry is the general character of the witness sought to be impeached, and the inquiry need not be confined to truth and veracity.—*Holland v. Barnes,* 53 Ala. 83, 25 Am. Rep. 595; *Ward v. State,* 28 Ala. 53; *Kilgore v. State,* 124 Ala. 24, 27 South. 4. The trial court therefore erred in sustaining the objection to the defendant's question to the witness Martin as to the plaintiff's general character, instead of character for truth and veracity, he having testified as a witness; but we think this was error without injury, as the said Martin subsequently testified that he not only did not know the plaintiff's character for truth and veracity, but that he had not heard the plaintiff's reputation and character discussed, and that all he knew about it was his personal transaction with him. "Reputation" is what people generally in a community say and think of a person, and individual acts or opinions are immaterial.—*Way v. State,* 155 Ala. 52, 46 South. 273; *Andrews v. State,* 159 Ala. 14, 48 South. 858; *So. R. R. Co. v. Hobbs,* 151 Ala. 335, 43 South. 844. It is manifest that the witness Martin would have answered the defendant's question in the negative had the court not improperly sustained the objection to same.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.