[Atkins v. The State.]

# Atkins *v.* The State.

*Indictment against Retailer of Spirituous Liquors.*

1. *Statement of time in indictment.*—In an indictment for selling spirituous liquors to a person of known intemperate habits, "not having at the time the requisition of a physician that the same was for medical purposes," it is sufficient to allege that the offense was committed before the finding of the indictment, without a more definite statement of the time.

2. *Oath of petit jury.*—A recital in the judgment-entry, in a criminal case, that the jury were sworn " well and truly to try the issue joined," &c., sufficiently shows that the oath prescribed by law (Code of 1876, § 4765) was administered to them.    (Overruling *Murphy v. The State,* 54 Ala. 178, as "inadvertently made.")

3. *Burden of proof as to requisition of physician.*—Under an indictment for selling spirituous liquors to a person of known intemperate habits, without the requisition of a physician, the *onus* is on the defendant to show that he had such requisition, and not on the prosecution to prove the want of it.

4. *Proof of known intemperate habits.*—In order to show that the defendant had knowledge of the intemperate habits of the person to whom he is charged with having sold spirituous liquors, it is permissible for the prosecution to prove that said person was accustomed to drink daily, frequently, and openly, to a state of intoxication, in the town in which the defendant lived, of liquor there obtained from the defendant and others.

5. *Competency of witnesses as jurors.*—Persons who have been summoned and sworn as witnesses for the prosecution in a criminal case, are not competent to serve as talesmen, and may be challenged for cause ; and the error of putting them on the jury, against the defendant's objection, is not cured by the failure to examine them as witnesses in the case.

FROM the Circuit Court of Hale.

Tried before the Hon. GEO. H. CRAIG.

The indictment in this case, which was found in October, 1877, charged that the defendant, John H. Atkins, " before the finding of this indictment, did sell or give spirituous, vinous, or malt liquors to James McFadden, a person of known intemperate habits, the said McFadden not having at the time the requisition of a physician that the same was for medical purposes."    The defendant demurred to the indictment, and the court overruled the demurrer ; but the record does not show what grounds of demurrer, if any, were specified.    "On the trial," as the bill of exceptions states, " after the State and the defendant had challenged certain of the regular jurors for the week, the sheriff, was ordered by the court to summon a sufficient number of talesmen to complete the jury ; and he thereupon summoned, with others, W. D. Lee, John H. Webb, and W. C. Tunstall, who had previously been called and sworn as witnesses for the State in said case.

[Atkins v. The State.]

The defendant had then exhausted five peremptory challenges, and he challenged said three talesmen respectively, before they were sworn, for cause, on the ground that they had been called and sworn as witnesses for the State in said cause; which objections and challenges were overruled and disallowed by the court, and the defendant excepted. Afterwards, the defendant having peremptorily challenged W. C. Christian, another talesman summoned as aforesaid, and the jury had been completed by summoning N. B. Jones to supply the place of said Christian, the court allowed the said challenge for cause as to said W. C. Tunstall, and allowed the defendant an additional peremptory challenge as to said N. B. Jones; which was made by the defendant, and another person summoned in his place." The bill of exceptions further states, that "none of the jurors who had been sworn as witnesses were examined by either party."

"Frank Johnson, a witness for the State, being sworn, testified as follows : ' I knew James McFadden in his life-time.' Question by the solicitor : 'Did you ever see the defendant sell or give him any spirituous, vinous, or malt liquors, in the town of Greenesboro, within twelve months prior to the finding of the indictment at this term?' Answer : ' Yes, I have seen the defendant sell him whiskey frequently within that time.' Question by the solicitor : ' How often have you seen him sell said McFadden whiskey in that time ?' Question objected to by the defendant, on the ground that the State had not, up to this time, made an election, and because the evidence sought to be elicited was impertinent, irrelevant, illegal, and calculated to mislead the jury ; which objections were overruled by the court, and defendant excepted. Answer : ' Frequently: a dozen times, or more.' The defendant then asked that the State should be required to elect the time and act upon which the State relied for a conviction in this case ; but the court permitted the solicitor to proceed without then electing, against the objection of the defendant, and the defendant excepted. The solicitor then asked said witness, if he knew of any time when the defendant did so sell to McFadden ; to which the witness replied, that on one occasion, when he and McFadden were going to a tournament at Demopolis, McFadden bought two bottles of whiskey at defendant's drug-store ; that he thought Charles Atkins drew the whiskey, and defendant wrapped up the bottles, and gave them to said McFadden, and that he did not remember that any thing was said about selling it for medicinal purposes. The solicitor stated, before asking the last question, that he did not intend to elect as to the time the witness would name, unless the witness would also state

that nothing was said at the time about selling it for medicinal purposes. After the witness had answered said question, the defendant insisted, and moved the court, that the State should be held to have elected the time of said tournament; which motion the court overruled, and the defendant excepted. The solicitor then asked said witness, 'Do you know of any particular time, within the last twelve months, when defendant sold said McFadden whiskey, when nothing was said in reference to its being used for medical purposes;' to which the witness answered, that he had often seen defendant so sell whiskey to said McFadden, but could not name any particular time, and could not say whether anything was said about its being for medical purposes. Question by the solicitor: 'Was said McFadden in the habit of drinking spirituous, vinous, or malt liquors?' Answer: 'Yes.' Question: 'Give the places where he usualy drank these liquors.' Answer: Sometimes at his room, sometimes at defendant's drug-store, and sometimes at other places.' Question: 'Did he drink daily?' Objected to by defendant; objection overruled, and defendant excepted. 'Did he drink secretly or openly?' Objected to by defendant; objection overruled, and defendant excepted. 'He drank openly.' 'Do you know how many drinks per day he took? 'No.' 'Do you know how much whiskey McFadden has bought from defendant, for his own use, within the last twelve months?' 'I have no idea, but know he bought a good deal.' The last two questions were objected to by defendant; which objections were overruled, and he excepted. Said witness also stated, on cross-examination, that said McFadden's name was James M. McFadden. The witness having been then discharged, the defendant moved the court to hold the State to the election of the time of said tournament; which motion the court overruled, and the defendant excepted.

"James W. Locke, a witness for the State, testified: 'I know James McFadden; he drank whiskey.' Question by solicitor: 'Did he go for any considerable length of time without drinking?' Objected to by defendant; objection overruled; exception by defendant. Answer: 'I do not think he did, though I can not say.' Question: 'Do you know where he usually drank, prior to the 1st August last?' Answer: 'Most usually, I think, at the defendant's.' Question: 'Do you know of any time, within the last twelve months, when defendant sold or gave said McFadden spirituous, vinous, or malt liquors, without anything being said about its being for medical purposes?' Objected to by the defendant, on the ground that the evidence sought to be elicited was illegal, irrelevant, and calculated to mislead the jury; which

objections were severally overruled, and defendant excepted. Answer: 'Once in that time. In June last, when witness, C. E. Waller, Judge Hobson, and said McFadden were going on a fishing expedition, witness saw McFadden purchase a half-gallon jug of whiskey from defendant, and did not hear anything said about its being for medical purposes.' The solicitor then announced that he elected this expedition as the time and act relied on for a conviction.

"A. J. Hamilton, a witness for the State, testified; 'I am the marshal of the town of Greenesboro, and know James McFadden.' Question: 'Was he in the habit of using spirituous, vinous, or malt liquors?' Objected to by defendant; objection overruled, and defendant excepted. Answer: 'Yes.' 'Do you know said McFadden's character as to temperance or intemperance?' 'Yes.' 'What was that character?' Objected to by defendant; objection overruled, and defendant excepted. Answer: 'He was a very intemperate man.' 'Did you ever see him under the influence of whiskey?' 'Yes; very frequently: when on a spree, nearly every day for a week.' Said witness stated, on cross-examination, that he considered a man intemperate, when he drinks enough whiskey to violate the common rules of propriety. Thomas Cowin, another witness for the State, testified that he knew said McFadden, and knew his habits; and that he was in the habit of drinking whiskey. He was asked, 'Do you know what said McFadden's character was in this community, prior to the 1st August last, and within twelve months prior to that time?' The defendant objected to this question, but his objection was overruled by the court, and he excepted. The witness answered, 'He had the character of a drinking man.' L. J. Lawson, another witness for the State, was asked, 'Do you know what character said McFadden bore in the community as a temperate or intemperate man?' The defendant objected to this question; the court overruled his objection, and he excepted. The witness answered, 'He had the character of an intemperate man.' The State here closed. On the part of the defendant, Dr. Peterson testified that, once during the past summer, he had given said McFadden a requisition as physician for whiskey, and thought it was on election day.

"The foregoing was all the evedence in the case, and the court thereupon charged the jury," among other things, "that if McFadden had the certificate or requisition of a physician to get whiskey, that is purely a matter of defense, and must be shown by the defendant, and it is not incumbent on the State to show that the defendant sold the whiskey without a requisition: that in order to avail the defendant in

this case, he must show that he knew of such requisition, and sold him whiskey upon it." To this charge the defendant reserved an exception.

THOS. R. ROULHAC, for the prisoner.

JOHN W. A. SANFORD, Attorney-General, for the State.

MANNING, J.—The indictment is not demurrable, because it does not specify the precise time when defendant sold spirituous liquors to a person of known intemperate habits, without requisition of a physician. In a prosecution for the similar offense of selling to a minor, without the consent of his parent or guardian, in the form of the indictment which the statute prescribes as the proper one, the time of committing it is not specified. Rev. Code, p. 811, No. 31.

2. It has been repeatedly decided, that a judgment-entry, which sets forth that the jury were sworn "well and truly to try the issue joined," sufficiently shows that they had taken the lawful oath, and was not to be understood as reciting the oath that was administered, and showing it to be different from that prescribed by law.—*Moore v. State*, 52 Ala. 424; *McNeil v. State*, 47 Ala. 498; *The State v. Pile*, 5 Ala. 72. A contrary decision, inadvertently made, in *Murphy v. The State*, 54 Ala. 176, is overruled.

3. The court correctly ruled, that it devolved on a defendant who was indicted for selling spirituous liquors to a person of known intemperate habits, without the requisition of a physician, to show that he had such requisition, if he relies on it for his defense. A ruling similar to this was made in the case of such a sale to a minor without the consent of the parent or gardian.—*Farrell v. The State*, 32 Ala. 559; Greenleaf on Ev. (8th Ed.) § 79.

4. Evidence is admissible, in a prosecution under such an indictment, that the person alleged therein to be of known intemperate habits, was accustomed to drink daily, frequently, and openly, to a state of intoxication, in the town in which defendant lived, and of liquors obtained of defendant and others there, in order to show that the accused knew that such person was of known intemperate habits.

5. The court below erred, in not allowing defendant's challenges for cause, to the jurors summoned as talesmen by the sheriff, and who had been subpœnaed and sworn as witnesses for the State in the cause. A person, under indictment, is entitled to a public trial by an impartial jury; and they are not to be regarded as unbiased who have such a

knowledge of the transaction, out of which the prosecution arises, as to be able to testify to matters which tend to show him guilty.—*Fleming v. The State*, 11 Ired. 236; *Commander v. The State*, at this term. The fact that they are not examined in the cause as witnesses, makes no difference.

For this error, the judgment must be reversed, and the cause remanded.