# Freiberg *v.* The State.

*Indictment for Selling or Giving Liquor to Minor.*

1. *Sufficiency of indictment; negativing consent of parent.*—In an indictment for selling or giving liquor to a minor (Code, § 4038; p. 276, Form No. 79), it is not necessary to negative the consent of the parent, or person having charge of the minor.

2. *Evidence as to apparent age of minor; charge as to.*—The fact that the person to whom the liquor was sold or given was engaged in business on his own account, and had often made contracts with the defendant, is admissible as evidence, not for the purpose of showing that he was of lawful age, but to enable the jury to determine whether the defendant honestly believed that he was of lawful age; and the court may instruct them that this fact "is not alone sufficient to show that he was twenty-one years old."

3. *Burden of proof as to consent.*—The *onus* is on the defendant to prove the consent of the parent, or person having charge of the minor to whom the liquor was sold, and not on the prosecution to disprove it.

4. *Judicial knowledge of spirituous liquors.*—That whiskey is a spirituous liquor is matter of common knowledge, of which the court takes judicial notice, and which the jury may assume or find without proof.

FROM the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

The indictment in this case was found in October, 1891, and charged that the defendant, Alex. Freiberg, "sold, bartered, exchanged or gave spirituous, vinous or malt liquors to Samuel Noble, a minor, without the consent of the parent or person having the control or management of said minor, and not upon

[Freiberg v. The State.]

the prescription of a physician." There was a demurrer to the indictment, because it did not negative the consent of the guardian of said minor, which demurrer was overruled; and during the trial several exceptions were reserved to rulings, which appear in the opinion.

McLeod & Tunstall, for appellant.

Wm. L. Martin, Attorney-General, for the State.

Per Curiam.—The ground of demurrer to the indictment is evidently founded on the phraseology of section 4038 of the Code, without observance of, or reference to its amendment by the act of February 18, 1891. By the amendatory act, the words "*or guardian*" are omitted, leaving the statute as amended to read, "without the consent of the parent, or person having the management or control of such minor."—Acts 1890–1, p. 1209. The indictment negatives the consent in the language of the amending act. But, without the negativing clause, the indictment would have been sufficient. The form of an indictment for selling or giving liquor to a minor, as laid down in the Code, contains no such negative averment; and an indictment conforming to that form has been held to be sufficient.—*Spigener v. State*, 62 Ala. 383; *Tatum v. State*, 63 Ala. 147.

In the general charge the court instructed the jury, *ex mero motu*, "that the fact of the witness, Noble, having been doing business on his own account, or for the Anniston Ice Company, is not sufficient alone to show that he was twenty-one years old, but may be considered along with the other testimony as a circumstance tending to show whether defendant believed, at the time of the sale, that witness was twenty-one years old." The charge, when considered as an entirety, and construed in reference to the testimony, is not a charge upon the effect of the evidence in the meaning of section 2754 of the Code. The facts that Noble, the person to whom the liquor was sold, was superintendent and general manager of the ice company, and had often, as such, made contracts with the defendant, were admissible, not for the purpose of showing that he was an adult, but to enable the jury to determine whether or not the defendant honestly believed that Noble was twenty-one years old, which, if true, though mistaken, would render the act of selling excusable. The charge merely limits the operation of the evidence to the purpose for which it was admissible.

Neither is there error in refusing to charge the jury, "that

it is incumbent on the State to prove that the liquor was sold to the minor, Sam. Noble, if they find it was so sold, without the consent of the parent, or person having the management or control of said Sam. Noble, before they can find the defendant guilty." The burden is on the defendant to prove the consent, and not on the prosecution to prove the want of it. *Farrell v. State*, 32 Ala. 557; *Atkins v. State*, 60 Ala. 45.

Neither is there error in the refusal to charge the jury, that they are not to infer that whiskey is a spirituous, vinous or malt liquor, unless it be proved by the evidence. That whiskey is a spirituous liquor, is within the common knowledge of all men. The courts will take judicial notice of what every body is presumed to know, and juries are permitted to find such fact, without specific proof being adduced in its support. *Wall v. State*, 78 Ala. 417; *Adler v. State*, 55 Ala. 16.

Affirmed.

The opinion in this case was prepared by the late Judge CLOPTON, and was handed down by the court on the 25th February, 1892, a few weeks after his death.