# Rogers v. Brooks.

*Action to recover Statutory Penalty for Cutting Trees.*

105  549
109  457

105  549
112  494
115  352

105  549
143  229

1. *Action to recover penalty for cutting trees; burden of proof.*—In an action to recover the statutory penalty for willfully and knowingly cutting down and destroying trees, without the consent of the owner of the land, (Code, § 3296), it must be alleged in the complaint, and the burden is upon the plaintiff to prove, that the cutting or destruction was done without his consent; and this burden is met when the plaintiff offers evidence which, in the absence of counter testimony, would afford ground for presuming that such allegation in the complaint was true.

2. *Same; same; general affirmative charge.*—When in an action to recover the statutory penalty for willfully and knowingly cutting trees, without plaintiff's consent (Code, § 3296), the plaintiff's evidence shows that while defendant was in possession of plaintiff's lands, under a written lease in which he bound himself not to cut down or destroy the timber on the rented premises except for plantation purposes, and for these purposes from only specified localities, he cut many trees and sold large quantities of wood from those portions of the premises from which by the terms of the lease he was forbidden to cut, a *prima facie* case is made out for the plaintiff, which casts the burden upon the defendant to show that the cutting was done with the consent of the plaintiff; and when, to meet this burden, the defendants introduce evidence to show that the plaintiff had, on several occasions, seen defendant cutting such trees and had raised no objection thereto, the question becomes one for the jury, and it is error for the court to take it from them by giving the general affirmative charge in favor of the defendant.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

The facts of this case, pertaining to the only question reviewed on this appeal, are sufficiently stated in the opinion. Upon the introduction of all the evidence, the court refused to give the general affirmative charge requested by the plaintiff, and gave at the request of the defendant, the general affirmative charge in his behalf. To each of these ruling the plaintiff separately excepted.

Upon judgment being rendered for the defendant, the plaintiff appeals, and assigns as error the giving of the affirmative charge for the defendant, and the refusal to

give the general affirmative charge asked by the plaintiff.

HILL, ROQUEMORE & ROGERS, for appellant.—In this case, the burden was on the defendant to show that the cutting of the trees was done with the consent of the plaintiff. This was matter relied on for the defense, and peculiarly within the knowledge of the defendant.— Greenleaf on Ev. (13th Ed.) §§ 79, 80. The principle as to the burden of proof is the same as in cases arising under section 4038 of the Code.—*Farrall v. The State*, 32 Ala. 557 ; *Atkins v. The State*, 60 Ala. 45 ; *Freiberg v. The State*, 94 Ala. 91. The court erred in giving the general affirmative charge in favor of the defendant. There was conflict in the evidence, and the question should have been referred to the jury.—3 Brick. Dig. 110, §§ 52, 53, 54, 55 ; *S. & N. Ala. R. R. Co. v. Small*, 70 Ala. 499; *Seals v. Edmondson*, 73 Ala. 285.

A. A. WILEY, *contra*.

HARALSON, J.—This action was brought against the defendant, Brooks, appellee here, by the appellant, Rogers, under the provisions of section 3296 of the Code. This is the second appeal in the case.

The complaint avers that defendant willfully and knowingly, and without the consent of the plaintiff, cut down and destroyed a large number of trees and saplings on plaintiff's land. It was held in the former appeal, that the complaint was properly filed to recover for the alleged statutory penalty.—*Rogers v. Brooks*, 99 Ala. 31. The statute prescribes among other things, that when any person willfully and knowingly cuts down, destroys or takes away trees or saplings on land not his own, without the consent of the owner of the land, he must pay the owner a prescribed sum for each tree or sapling so cut, destroyed or taken away. The complaint in this case avers, that the damage alleged was done without the consent of the plaintiff. The only question now presented for review is : Upon whom does the burden rest, upon the plaintiff, to prove she gave no consent, or, upon defendant to prove she gave it, for the cutting of the trees ?

The general rule, as stated in our decisions is, that the

[Rogers v. Brooks.]

burden of proving a disputed fact rests, in all cases, upon the party affirming its existence, and claiming to derive right and benefit from it.   A plaintiff is bound to make good his case, so far as it is denied by defendant.—3 Brick. Dig. 433, § 388.   An exception to this rule is recognized, to the effect, that when the subject-matter of a negative averment lies *peculiarly within the knowledge* of the other party, the averment is taken as true, unless disproved by that party, as in civil or criminal prosecutions for a penalty for doing an act which the statute does not permit to be done by any persons, except those who are duly licensed therefor, as for selling liquors, exercising a trade or profession, and the like.—*Farrall v. The State*, 32 Ala. 557 ; *Atkins v. The State*, 60 Ala. 45 ; *Freiberg v. The State*, 94 Ala. 91 ; 1 Greenl. Ev., § 79.   In *Haney v. Conoly*, 57 Ala. 180, it is said : "The general rule of law is, that negative averments in pleading need not be proved.— *Carpenter v. Devon*, 6 Ala. 718 ; *Walker v. Palmer*, 24 Ala. 358.   But where the negative allegation involves a charge of fraud, or breach of official duty, and many other violations of trust of a kindred character, the *onus* is on the party making the charge, for the presumption of the law is in favor of innocence.''

In respect to this general rule referred to above, that negative averments need not be proved, Mr. Greenleaf says : "One class of exceptions (to this rule) will be found to include those cases in which the plaintiff *grounds his right of action upon a negative allegation*," and where, of course, the establishment of this negative is an essential element in his case, and he brings as an illustration of the rule a prosecution for a penalty given by statute, and states : ''If the statute, in describing the offense, contains negative matter, the count must contain such negative allegation, and it must be supported by *prima facie* proof.   Such is the case in prosecutions for penalties given by statutes, for coursing deer in inclosed grounds, not having the consent of the owner, (*Rex v. Hazy*, 2 C. & P. 458) ; or for cutting trees on lands not the party's own, or taking other property not having the consent of the owner, (*Little v. Thompson*, 2 Greenl. 228) ; or for selling as a peddler, goods not of the produce or manufacture of the country. (*Smith v. Moore*, 6 Greenl. 274)." 1 Greenl. Ev., § 78.

The case of *Little v. Thompson*, 2 Greenl. 228, cited

above from Maine, construed a statute which provided that, "if any person shall take, carry away or convert to his own use, *without the consent of the owner*, any log suitable to be sawed or cut into boards," &c. he shall be held liable to the owner for $50 for each log so cut and sawed; and the Supreme Court held, that the want of the owner's consent formed a constituent part of the offense, which must be alleged in the declaration and proved at the trial. But in respect to the case last cited, and the instances given in section 78 of his work on evidence, and other like cases, Mr. Greenleaf adds : "that plenary proof on the part of the affirmant can hardly be expected, and therefore it is considered sufficient if he offer such evidence as, in the absence of counter testimony, would afford ground for presuming the allegation is true."

It was necessary, then, it seems, for plaintiff to have made *prima facie* proof, that the alleged depredation to the timber was done without her consent. She proved by a written lease which she read in evidence, that defendant had rented a large tract of land from her for five years, and in the lease, he bound himself not to cut down or destroy any of the wood or timber on said premises, except such as were absolutely necessary for plantation purposes—for fuel, repairs and improvements to be used or placed thereon—and that even for these purposes, he would only cut or take the timber or wood growing on specified localities. She then proved by her witnesses, that defendant had, on different occasions, within twelve months before the bringing of this suit, cut trees in large numbers and sold wood in large quantities off of the portions of said leased premises, on which defendant was prohibited by the terms of said lease, from cutting timber and wood. This evidence, we apprehend, was sufficient *prima facie* proof, in the absence of counter testimony, to afford ground for presuming that the allegation in the complaint, that the timbers were cut and destroyed without plaintiff's consent, was true, devolving on defendant, the burden of showing, that he did it with her consent. To show this, he introduced evidence, as the bill of exceptions states, to show that the plaintiff had seen the cutting going on, on one or two occasions, and had raised no objection thereto. Here, then, was evidence tending to show that the cutting was done with and without plaintiff's consent, in which state of case, the

[Bray & Landrum v. Ely.]

general charge for defendant should not have been given. The question was one for the jury.

Reversed and remanded.