# Davis v. Arnold.

*Action for Statutory Penalty for Cutting Trees without consent of Owner.*

1. *Cutting trees without consent; evidence; burden of proof.*—The burden of proof is upon the plaintiff, in an action for statutory penalty for wilfully and knowingly cutting trees without consent of the owner, to show that the cutting was without such consent. Although this is a negative averment, it comes within the exception to the rule that, when the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, since such exceptions include cases in which the plaintiff grounds his action on a negative averment.

2. *Deed; execution; color of title.*—Where a deed, signed by the mark of a person who cannot write has no attesting witnesses, and an acknowledgment taken thereto is defective, it is good as color of title, though void as a conveyance.

3. *Evidence; hearsay.*—When a witness gives testimony as of his own knowledge, and upon cross-examination it develops to be mere hearsay, it should be then excluded, if the motion to exclude relates only to the hearsay evidence.

APPEAL from the Circuit Court of Mobile.

Tried before Hon. WILLIAM S. ANDERSON.

This was an action brought by the appellee, Jane Arnold, and others, against the appellant, M. L. Davis, and sought to recover the statutory penalty prescribed for cutting timber wilfully and knowingly, without the consent of the owner.

OF ALABAMA. 229

A statement of the facts, other than as shown in the opinion, is deemed unnecessary. There was judgment for plaintiff, from which the defendant appealed.

GREGORY L. and H. T. SMITH, for appellant, cited:— *Lenoi v. Postal Tel. Co.,* 107 Ala. 640; *Farrar v. N. C. & St. L. R. Co.,* 109 Ala. 448; *Rogers v. Brooks,* 105 Ala. 549; *Benje v. Creagh,* 21 Ala. 156.

PILLANS, HANAW & PILLANS and SMITH & GAYNOR, *contra,* cited:—*Stoval v. Fowler,* 72 Ala. 77; *Higdon v. Kennener,* 120 Ala. 198; *Barron v. Barron,* 122 Ala. 194.

ANDERSON, J.—This was a suit brought by Jane Arnold and her children (eight in number) two of whom are minors and sue by their mother as next friend, against the defendant for the statutory penalty for cutting trees.

Section 4137 of the Code of 1896, under which this action was brought, provides that the cutting of the trees must be "Wilfully and knowingly and without the consent of the owner."

There was evidence that the widow and some of the children did not consent, but there was not the slightest evidence to show a want of consent of several of the adult owners. The *onus* of proving that the alleged cutting of the trees was without the consent of the owners was upon the plaintiffs. This is, of course, a negative averment, and the law is, that, when the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true. 1 Greenleaf on Evidence, 79; *Farrall v. State,* 32 Ala. 557; *Atkins v. State,* 60 Ala. 45; *Carpenter v. Devon,* 6 Ala. 718; *Rogers v. Brooks,* 105 Ala. 549.

One class of exceptions to the rule, will be found to include those cases in which the plaintiff grounds his action on a negative averment. Our Court has often held that the want of consent, in cases like the one at bar, comes within the excepted class and that it is necessary for the owner to prove that the cutting was without his consent.—*Rogers v. Brooks, supra; Farrow v. N. C. & St. L. Ry.,* 109 Ala. 448.

[Davis v. Arnold.]

We think, however, without deciding that it was necessary to prove a want of consent as to all of the plaintiffs, that the evidence was sufficient to make the question of consent one for the jury. Plaintiff proved a want of consent of several of the owners, that two of them were minors and the defendant attempted to justify the cutting under a claim of ownership.

We cannot agree with counsel in his contention that "Exhibit A" was not color of title. If it was only signed "Thaney Blankenship, her mark," and had nothing more to indicate an attempted execution of the deed, there might be something in the contention, but which point need not here be decided. The instrument is dated Sept. 27th, 1884, and has a defective acknowledgment of the same date, duly signed by one purporting to be an officer, and which, though invalid as an acknowledgment, is good as an attestation, and which is sufficient to at least show that the paper was signed by Thaney Blankenship, without giving it the force of a deed, which has to be acknowledged or attested by two witnesses when the grantor signs by mark.

The trial court erred in overruling the defendant's objection to the witness, "Whether or not the property in suit was known as the property of Green Harvey."—*Ross v. Goodwin*, 88 Ala. 390.

When a witness gives testimony of his own knowledge, and upon cross-examination it develops that it was mere hearsay, it should be excluded, if the motion to exclude relates only to the hearsay evidence. The trial court therefore erred in overruling defendant's motion to exclude testimony of witness Van Harvey as to lines and location of the land, because he said "Mr. Lea told me these were the lines."

Reversed and remanded.

McCLELLAN, C. J., TYSON and SIMPSON, J.J., concurring.