(78 South. 719)

KRAMER v. STATE. (6 Div. 935.) *

(Court of Appeals of Alabama. Feb. 26, 1918. Rehearing Denied April 3, 1918.)

1. WITNESSES ⬅➡271(1) — CROSS-EXAMINATION—SCOPE.

In prosecution for embezzlement, accused bank officer should have been allowed to cross-examine the bank examiner, who had testified that accused did not make proper entries until his attention was called to the errors, as to whether other books of the bank showed what disposition was made of the money, since if it was paid out in the due course of business, or loaned without criminal knowledge or connivance of defendant, he was not guilty.

2. EMBEZZLEMENT ⬅➡24—ELEMENTS OF OFFENSE—BENEFIT TO ACCUSED.

If money deposited in a bank was embezzled by others with the assistance and connivance of defendant, the mere fact that he did not receive the fruits of the crime did not exculpate him.

3. EMBEZZLEMENT ⬅➡47 — QUESTIONS FOR JURY.

Evidence held to present jury question whether accused was guilty of embezzlement of money deposited with him as an officer of the bank.

4. INDICTMENT AND INFORMATION ⬅➡166—ISSUES—INCORPORATION.

Under specific provisions of Code 1907, § 6876, in the trial of criminal cases, the state need not prove incorporation of any corporation mentioned in the indictment, unless defendant before trial denies the existence thereof by a sworn plea.

5. CRIMINAL LAW ⬅➡304(6) — JUDICIAL NOTICE—CITIES.

It is a matter of judicial knowledge that the city of Cullman is in the state of Alabama.

6. EMBEZZLEMENT ⬅➡9 — BANK OFFICERS — POSSESSION OF DEPOSITS.

An officer of a bank charged with the duty of receiving money deposited, on behalf of the bank, if he appropriated a deposit was guilty of embezzlement, since his possession was in fact possession of the bank.

7. EMBEZZLEMENT ⬅➡44(1)—EVIDENCE—ELEMENTS OF OFFENSE.

To sustain conviction of embezzlement by an agent, it must be shown beyond a reasonable doubt that accused was the agent charged with receiving money or property of his principal, that he did receive it in the course of his employment, and that, knowing it was not his

own, he converted it to his own use or the use of another than the true owner.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Embezzlement.]

8. LARCENY ⬳1—NATURE OF OFFENSE.

Larceny involves a trespass on the possession of another, and is the felonious taking and carrying away of the property of another with intent to deprive him of the use thereof.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Larceny.]

Appeal from Circuit Court, Cullman County; R. C. Brickell, Judge.

Joe H. Kramer was convicted of larceny by embezzlement, and he appeals. Reversed and remanded.

F. E. St. John, of Cullman, and Allen & Bell, of Birmingham, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BRICKEN, J. The Supreme Court, in reviewing the opinion of this court heretofore promulgated, on certiorari (77 South. 353 [1]), only deal with the question of the sufficiency of the proof to sustain the averments of the indictment that the defendant was an officer of the bank, which under the indictment and the statute was an essential element of the offense charged against him. Code, § 6830; Pullam v. State, 78 Ala. 31, 56 Am. Rep. 21. We therefore adhere to the pronouncement in the former opinion that Acts 1911, pp. 50 to 86, did not effect a repeal of section 6830 of the Code. Kramer v. State, ante, p. 40, 75 South. 185.

Among other witnesses examined in behalf of the state was one Mobley, an expert accountant, whose evidence on the examination in chief tended to show that two items of $1,000 each transmitted to the bank were received by the defendant as assistant cashier by express, and that he had failed to make proper entries upon the books of the bank crediting these items to the account of the Traders' National Bank, from whom they were received, and that these entries were not made on the books of the bank until after the witness had called the attention of the defendant to the omission. He thereafter made the entries. This witness was further examined minutely by the solicitor as to what was shown by the books of the bank with reference to the cash on hand and other matters tending to show that the defendant had embezzled the amount of one of these remittances.

[1] The defendant proposed to show by this witness on cross-examination that the books of the bank contained evidence showing what disposition was made of the money received from the Traders' National Bank, and that such evidence would show that the defendant did not embezzle this money. On objection of the solicitor, which was sustained by the court, this right was denied the defendant, and in this the court committed reversible error. Pollack v. Gunter & Gunter, 162 Ala. 317, 50 South. 155; Wefel v. Stillman, 151 Ala. 289, 44 South. 203. If this money was paid out in due course of business, or was loaned by the bank to its customers or other officers, without criminal knowledge or connivance of the defendant, he should not have been convicted of embezzling this money.

[2] On the other hand, if the money was embezzled by others with the assistance and connivance of the defendant, the mere fact that he did not receive the fruits of the crime would not exculpate him. Lacey v. State, 13 Ala. App. 225, 68 South. 706.

[3] The state offered evidence tending to show that during the years 1913 and 1914, the defendant, while in charge of the business of the bank as assistant cashier, credited to his own personal account and to the account of the Imperial Bowling Alley and the Ala.-Cola Bottling Company, concerns in which he was pecuniarily interested, with certain items without deposits being made corresponding therewith, and the evidence tended to show that through the connivance of the defendant, these accounts had been drawn on, and that the bank had actually paid out $800 more than had been deposited, as shown by the books of the bank. Therefore it was a question for the jury as to whether or not the defendant embezzled the money of the bank, and, as we have said, it is wholly immaterial whether he received the fruits of the crime himself, or whether others profited thereby, and the affirmative charge as to all of the counts was properly refused.

[4, 5] There is no merit in the contention insisted upon by the appellant that "there was no legal evidence that the German Bank of Cullman was incorporated under the laws of Alabama." In the trial of criminal cases, it is not necessary for the state to prove the incorporation mentioned in the indictment, unless the defendant, before entering upon such trial, denies the existence of such corporation by a sworn plea. Code 1907, § 6876. In the instant case, no such plea was filed, and the undisputed evidence by state witness Beyer was: "The bank had been running and incorporated about nine years. * * * The bank was incorporated, I suppose, by the general law. It was incorporated in Cullman." It is a matter of judicial knowledge that the city of Cullman is in the state of Alabama.

[6, 7] Nor is there any merit in the insistence by the defendant that under the evidence in this case he could not be convicted of embezzlement of the $1,000 received by him from the Southern Express Company, and that if he was guilty of any offense in connection with this transaction, the offense would be larceny, and not embezzlement. The defendant was the agent, in this case,

an officer, of the German Bank of Cullman, charged with the duties of receiving for and on behalf of said corporation the sum of money specified. A corporation can only act through its agents, and the possession by the defendant of this money, which it was a part of his duties as an officer of the bank to receive, was in fact possession by the bank of said money. In order to sustain a prosecution for embezzlement by an agent of a private person or corporation, four distinct propositions must be established beyond a reasonable doubt:

First. That the accused was the agent of the person or corporation, and that he, by the terms of his employment, was charged with receiving the money or property of his principal.

Second. That he did, in fact, receive such money or property.

Third. That he received it in the course of his employment.

Fourth. That he, knowing it was not his own, converted it to his own use or the use of some third person not the true owner.

[8] Larceny involves a trespass upon the possession of another, and is the felonious taking and carrying away of the property of another with the intent to deprive the owner of the use thereof.

This disposes of the several questions presented by this appeal, and for the errors indicated, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.