(81 South. 558)

HENDRIX v. MOBILE REGISTER.
(1 Div. 85.)

(Supreme Court of Alabama. April 17, 1919.)

1. LIBEL AND SLANDER ⚖️➡10(3)—CITY CLERK —ERROR IN MINUTES—OFFER TO CORRECT— CHARGE OF INCOMPETENCY.

In a libel action, a publication, stating the plaintiff city clerk had committed an error in noting in the minutes of the city board of commissioners the presence of a person who was not at the meeting, and that the clerk said he would correct the minutes, with nothing to in-

dicate the importance or materiality of the error, does not amount to a charge of incompetency, and does not tend to the prejudice of the plaintiff in his official capacity within the contemplation of the law.

2. LIBEL AND SLANDER ⚖️➡10(1) — PUBLIC OFFICIAL — ESSENTIALS OF DEFAMATORY CHARGE.

While a statement, to be defamatory of one in respect to public office, need not import a charge of crime, it must impute to him some incapacity or lack of due qualification or positive past misconduct which will injuriously affect him in office, or the holding of principles hostile to the maintenance of government.

3. LIBEL AND SLANDER ⚖️➡10(3) — PUBLIC OFFICIAL—CORRECTING MINUTES.

A published statement imputed to plaintiff city clerk that he would correct the minutes of the commission, but not charging directly or by innuendo that he would falsify, mutilate, or otherwise improperly change the minutes, is not libelous, the implication being that it would be authoritatively and properly done, for otherwise it would be a spoliation and not a correction.

4. LIBEL AND SLANDER ⚖️➡86(1)—PLEADING —"INNUENDO"—PURPOSE.

In charging libel and slander an innuendo serves merely to explain matter already expressed, or to point out where there is a precedent matter, but cannot add to, enlarge, or change the sense of the words of the publication.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Innuendo.]

5. LIBEL AND SLANDER ⚖️➡123(2, 7)—PLEADING — INNUENDO — INTENT — QUESTIONS FOR COURT AND JURY.

It is for the court to say whether the meaning charged by the innuendo in a pleading charging libel can be legally attributed to the language used in the publication, and for the jury to ascertain whether the intent charged be true in fact.

6. LIBEL AND SLANDER ⚖️➡105(3)—EVIDENCE —PROOF OF MEANING IMPUTED BY INNUENDO.

It is not permissible in an action for libel to make proof that the words employed were uttered in the sense or with the meaning imputed to them in the innuendo.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by S. H. Hendrix against the Mobile Register for libel. Judgment for defendant on demurrer to the complaint, and plaintiff appeals. Affirmed.

The following count of the complaint is set out as being a sample of all the other counts:

The plaintiff claims of the defendant $10,000, for that heretofore, to wit, the 17th day of October, 1918, the defendant being then and

there engaged in the publication of a newspaper in the city of Mobile, known as the Mobile Register, and the plaintiff being the clerk of the city of Mobile, charged with the duty of keeping true and accurate minutes of the proceedings of the board of commissioners of the city of Mobile, and being wholly without authority to change such minutes, the defendant, intending thereby to convey the impression that the plaintiff had entered false statement in the minutes of the said board of commissioners, that when this was discovered he had stated his purpose to change the minutes of the board of commissioners, which had already been signed by the commissioners of the city of Mobile, which he had no right to do, and thereby to bring the plaintiff into discredit amongst the citizens of Mobile, the defendant did publish in its edition of the 17th day of October the following statement: "The minutes of the city commission recorded that Mr. R. L. Braswell a druggist operating at the corner of Dauphin and Claiborne streets was present. Mr. Brooks stated to a newspaper reporter that he represented only Van Antwerp, and that Mr. Braswell stated that he was not there or represented at the meeting. City Clerk S. H. Hendrix when told of this said to a newspaper reporter that he would correct the minutes."

And the plaintiff avers that the said statement was false, and that it was maliciously published, and did the plaintiff great injury, in that it wounded his feelings, subjected him to mortification and great mental suffering, and also subjected him to public criticism and suspicion, all to the great damage of the plaintiff, wherefore he sues.

Harry T. Smith & Caffey, of Mobile, for appellant.

William B. Inge, of Mobile, for appellee.

ANDERSON, C. J. [1, 2] "In the case of Iron Age Publishing Co. v. Crudup, 85 Ala. 520 [5 South. 332], this court said: 'The definitions of libel, as found in the cases, vary somewhat in phraseology, and are more or less comprehensive, as may be called for by the particular charge involved in the case. Generally, any false and malicious publication, when expressed in printing or writing or by signs or pictures, is a libel, which charges an offense punishable by indictment, or which tends to bring an individual into public hatred, contempt, or ridicule, or charges an act odious and disgraceful in society. This general definition may be said to include whatever tends to injure the character of an individual or blacken his reputation or imputes fraud, dishonesty, or other moral turpitude or reflects shame or tends to put him without the pale of social intercourse.' This quotation clearly recognizes the principle that if the words employed in the alleged libelous publication impute dishonesty or corruption to an individual, they are actionable per se—a principle well established in other jurisdictions. 13 Am. & Eng. Ency. Law, 295, 296, and note 3.

"So, too, it is libelous to impute to any one holding an office that he has been guilty of improper conduct in office or has been actuated by wicked, corrupt or selfish motives. Newell on Def., Sland. & Lib. p. 69." Wofford v. Meeks, 129 Ala. 349, 30 South. 625, 55 L. R. A. 214, 87 Am. St. Rep. 66; Advertiser Co. v. Jones, 169 Ala. 196, 53 South. 759.

The publication in question does not charge the plaintiff with fraud, dishonesty, or corruption, or that he was actuated by corrupt, wicked, or selfish motives; and at most simply charges him with having committed an error in noting in the minutes the presence of a person at the meeting when he was not there. There is nothing to indicate the importance or materiality of this error, and the charge does not amount to one of incompetency, nor does the commission of the error in question directly tend to the prejudice of the plaintiff in his official capacity within the contemplation of the law. The most competent and efficient officials can sometimes be guilty of committing clerical errors or inadvertences which do not necessarily impair or affect their capacity and general conduct and qualification, as said acts of omissions may be so unimportant as not to reflect upon their official worth or character in the slightest. There is nothing in the complaint to indicate that the error or mistake in question was not immaterial or was not of the most trivial character. While a statement, in order to be defamatory of one in respect to public office need not import a charge of crime, yet it must go so far as to impute to him some incapacity or lack of due qualification to fill the position, or some positive past misconduct which will injuriously affect him in it, or the holding of principles which are hostile to the maintenance of government. Sillars v. Collier, 151 Mass. 50, 23 N. E. 723, 6 L. R. A. 680.

[3-6] The publication in question says:

"The minutes of the city commission recorded that Mr. R. L. Braswell, a druggist operating at the corner of Dauphin and Claiborne streets, was present. Mr. Brooks stated to a newspaper reporter that he represented only Van Antwerp, and that Mr. Braswell stated that he was not there or represented at the meeting. City Clerk S. H. Hendrix, when told of this, said to a newspaper reporter that he would correct the minutes."

This statement, imputed to the plaintiff, that he "would correct the minutes" does not charge directly or by innuendo that he would falsify, mutilate, or otherwise improperly change said minutes. He said he would correct the minutes, and to correct the same necessarily carries with it the implication that it would be authoritatively and properly done, else it could not be a correction, but a spoliation or unwarranted change. Therefore the only false charge remaining is as to the notation upon the minutes by the plain-

tiff of the presence of Braswell when he was not in fact at the meeting; and, as above noted, we do not think that this was such a charge that directly reflected upon the competency or qualification of the plaintiff to the extent of damaging him as an officer in the estimation of the public. We do not think that the publication was libelous per se, or that it was susceptible of the deduction of the pleader, as set forth in the innuendo. An innuendo serves merely to explain matter already expressed, or to point out where there is precedent matter. It may apply to what is already expressed, but cannot add to, enlarge, or change the sense of the words of the publication. Wofford v. Meeks, supra. It is for the court to say whether the meaning charged by the innuendo can be legally attributed to the language used in the publication, and for the jury to ascertain whether the intent charged be true in fact. If this inquiry is decided by the court adversely to the pleader, this puts an end to it, for it is not permissible to make proof that the words employed were uttered in the sense or with the meaning imputed to them in the innuendo. That is not the subject of proof. Wofford v. Meeks, supra, and cases there cited.

The trial court did not err in sustaining the demurrer to the complaint, and the judgment is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.